**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

JOHN H. WHITE,

                      Plaintiff,

    - v -                                  Civ. No. 9:14-CV-02
                                                      (GLS/RFT)

JOEY DISHAW, *C.O. Upstate Correctional Facility*;
R. LORDI, R.N., *Upstate Correctional Facility*,

                      Defendants.

**APPEARANCES:**                        **OF COUNSEL:**

JOHN H. WHITE
*Pro se* Plaintiff
08-A-3366
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ERIC T. SCHNEIDERMAN        RICHARD LOMBARDO, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE
United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

    *Pro se* Plaintiff John H. White, while incarcerated at Upstate Correctional Facility, filed this civil rights action, pursuant to 42 U.S.C. § 1983, alleging a number of constitutional violations arising from his confinement at Upstate. *See generally*

Dkt. No. 1, Compl. On April 14, 2014, the Honorable Gary L. Sharpe, United States Chief District Judge, performed an initial review of the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and dismissed several claims and Defendants,[1] thus leaving only two causes of action: 1) an excessive force claim against Defendant Dishaw, and 2) medical deliberate indifference claims against Defendants Dishaw and Nurse Lordi. *See generally* Dkt. No. 5, Dec. & Order, dated Apr. 14, 2014.

On September 15, 2014, Defendants filed a partial Motion for Judgment on the Pleadings, pursuant to 12(c) of the Federal Rules of Civil Procedure, seeking to dismiss Plaintiff's Eighth Amendment medical deliberate claims. Dkt. No. 41. On November 14, 2014, Plaintiff filed his Response in opposition thereto.[2] Dkt. No. 52.

# I. Discussion

## A. Standard of Review

"The standard for granting a [FED. R. CIV. P.] 12(c) motion for judgment on the pleadings is identical to that of a [FED. R. CIV. P.] 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). On a motion to dismiss, the allegations of the complaint must be accepted as true. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). The trial court's function "is

---

[1] The following Defendants were terminated from this action: Paul Gokey, Greenizen, Howard, Hungerford, Lipka, Daniel Martuscello, Menard, Morris, Oropallo, Pickering, Rock, Simmons, Southworth, Traynor, Uhler, Ward, Williams, Winston, Zerniak, Beder/Bezar, and Bishop. *See generally* Dkt. No. 5, Dec. & Order, dated Apr. 14, 2014.

[2] Defendants did not file a reply.

merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984)).

The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 754 (1963); *see also Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008). Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. at 697 (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In this respect, to survive dismissal, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 440 U.S. at 555). Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts [which he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. at 679-80.

Although *pro se* filings must be construed liberally with "special solicitude," *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks omitted), there are circumstances where an overly litigious inmate, "who is quite familiar with the legal system and with pleading requirements," may not be afforded such special

solicitude. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) (declining to afford an "extremely litigious inmate" the benefit of lenient treatment normally afforded *pro se* litigants and thus denying the opportunity to amend a claim where he failed to properly plead a cause of action); *see also Davidson v. Dean*, 204 F.R.D. 251, 257 (S.D.N.Y. 2001) (citing Second Circuit opinion in *Davidson v. Flynn*, 32 F.3d at 31, and refusing to accord deference to same plaintiff); *Santiago v. C.O. Campisi Shield No. 4592*, 91 F. Supp. 2d 665, 670 (S.D.N.Y. 2000) (applying *Davidson* to *pro se* plaintiff who had ten suits pending in district); *Brown v. McClellan*, 1996 WL 328209, at *1 n.3 (W.D.N.Y. Jun. 11, 1996) (stating that plaintiff's "litigious nature," notwithstanding his *pro se* status, "weighs somewhat against the leniency that is normally accorded"); *Brown v. Selsky*, 1995 WL 13263, at *8 n.1 (W.D.N.Y. Jan. 10, 1995) (denying special solicitude to *pro se* plaintiff who had seven cases pending in district).

In this case, Plaintiff John H. White is no stranger to the federal courts. In light of Plaintiff's experience in federal court, special solicitude generally afforded to *pro se* litigants shall not be accorded herein.[3]

---

[3] Plaintiff has filed fourteen lawsuits in this District alone:

(1) *White v. Clark*, 9:12-CV-986 (NAM/RFT)(currently pending);
(2) *White v. Williams*, 9:12-CV-1775 (NAM/RFT) (currently pending);
(3) *White v. Williams*, 9:12-CV-1892 (GLS/ATB) (currently pending);
(4) *White v. Beilein*, 09:13-CV-392 (GTS/CFH) (currently pending);

(continued...)

## B. Facts

At all times relevant to this action, Plaintiff was incarcerated at Upstate Correctional Facility. *See generally* Compl. Plaintiff claims that on December 11, 2013, Defendant Joey Dishaw, an Upstate Correctional Officer, threatened to kill him. *See* Compl. at ¶ 7 (C). In an attempt to make a "verbal record" of the threat on the Facility's "camera-audio system," Plaintiff placed the left side of his face alongside the floor and cell door. *Id.* Defendant Dishaw then kicked Plaintiff's cell door with such tremendous force causing injuries to Plaintiff's nose, mouth, and right side of his skull and mouth area. *Id.* Upon impact, Plaintiff "bled from [his] nose immediately." *Id.* When Plaintiff "got off the floor," Defendant Dishaw smiled and repeatedly "blew kisses" at Plaintiff and stated "we're gonna kill your ass." *Id.* Plaintiff ignored him and continued to nurse his injuries at the sink by applying a washcloth to his nose and tilting his head back. *Id.* Plaintiff then asked Dishaw to take him to the medical department for treatment, but Dishaw "walked away smiling." *Id.* Plaintiff claims the

---

[3](...continued)
(5) *White v. Allen*, 09:14-CV-1105 (BKS/TWD)(currently pending);
(6) *White v. Dishaw*, 9:14-CV-1252 (MAD/RFT) (currently pending);
(7) *White v. Uhler*, 9:14-CV-1400 (LEK/ATB) (currently pending);
(8) *White v. Annucci*, 9:14-CV-1513 (LEK/ATB) (currently pending);
(9) *White v. Uhler*, 9:14-CV-1547 (LEK/TWD)(currently pending);
(10)*White v. Velie*, 9:15-CV-88 (TJM/ATB)(currently pending);
(11)*White v. Drake*, 9:10-CV-1034 (GTS/DRH) (closed on Aug. 26, 2010);
(12)*White v. Rock,* 9:13-CV-158 (LEK/TWD) (closed on Mar. 4, 2013)
(13)*White v. Uhler*, 9:14-CV-990 (MAD/DEP) (closed on Aug. 11, 2014);
(14)*White v. Gookey*, 9:14-CV-02, (GLS/RFT) (currently pending).

"bleeding and swelling of [his] skull/facial area lasted for several days with the swelling and pain continuing [] to [this] date"; he "cannot rest upon the right side of [his] skull or facial area"; he "cannot chew on the right side of [his] jaw"; and he "experience[s] skull/facial pain every day . . . since [the] incident[.]" *Id.*

The next morning Plaintiff sought medical treatment for his injuries. *Id.* However, when Nurse Ward[4] "attempted to examine [his] injuries . . . Rn Lordi interrupted her [and] advised her to move on to the next patient[.]" *Id.* Plaintiff filled out an injury report, but Lordi did not fill out the section of the report that inquired as to how Plaintiff obtained his injuries. *Id.* Once Plaintiff handed over the report with his signature, Defendant Lordi did not examine Plaintiff or provide him with any treatment. *Id.* When Lordi and Ward were "two or three cells away," Plaintiff repeatedly called out for pain medication, but Lordi deterred Ward from returning to Plaintiff's cell "and both proceeded on." *Id.*

## C. Inadequate Medical Care

To state an Eighth Amendment claim for denial of adequate medical care, a prisoner must demonstrate that prison officials acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). "[T]he plaintiff must allege conduct that is 'repugnant to the conscience of mankind' or 'incompatible

---

[4] Nurse Ward was terminated from this action. *See supra* note 1.

with the evolving standards of decency that mark the progress of a maturing society.'" *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y. 1992), *aff'd,* 970 F.2d 896 (2d Cir. 1992) (quoting *Estelle v. Gamble,* 429 U.S. at 102, 105–06). To state a claim for denial of medical care, a prisoner must demonstrate (1) a serious medical condition and (2) deliberate indifference. *Farmer v. Brennan,* 511 U.S. 825, 834–35 (1994); *Hathaway v. Coughlin ("Hathaway I"),* 37 F.3d 63, 66 (2d Cir. 1994). The first prong is an objective standard and considers whether the medical condition is sufficiently serious. The Second Circuit has stated that a medical need is serious if it presents "a condition of urgency that may result in degeneration or extreme pain." *Chance v. Armstrong,* 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citation omitted). Among the relevant factors to consider are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individuals' daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong,* 143 F.3d at 702 (quoting *McGuckin v. Smith,* 974 F.2d 1050, 1059–60 (9th Cir. 1992)). The second prong is a subjective standard requiring a plaintiff to demonstrate that the defendant acted with the requisite culpable mental state similar to that of criminal recklessness. *Wilson v. Seiter,* 501 U.S. 294, 301–03 (1991); *Hathaway I,* 37 F.3d at 66. A plaintiff must demonstrate that the defendant

acted with reckless disregard to a known substantial risk of harm. *Farmer v. Brennan,* 511 U.S. at 836. This requires "something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835; *see also Weyant v. Okst,* 101 F.3d 845, 856 (2d Cir. 1996) (citing *Farmer*). Further, a showing of medical malpractice is insufficient to support an Eighth Amendment claim unless "the malpractice involves culpable recklessness, i.e., an act or a failure to act by the prison doctor that evinces 'a conscious disregard of a substantial risk of serious harm.'" *Chance v. Armstrong,* 143 F.3d at 702 (quoting *Hathaway v. Coughlin ("Hathaway II"),* 99 F.3d 550, 553 (2d Cir.1996)); *see also Hernandez v. Keane,* 341 F.3d 137, 144 (2d Cir. 2003) (citations omitted).

Here, Plaintiff fails to allege a serious medical condition: nose bleeds, facial swelling, and abrasions are not indicative of the sort of urgent, severe, life-threatening, or degenerative condition or extreme pain that would objectively establish a serious medical condition. *Washington v. The City of New York,* 2011 WL 566801, at *2 (S.D.N.Y. Feb. 15, 2011) (finding that pain in the face and nose bleeds did not rise to a serious medical condition); *Jones v. Furman*, 2007 WL 894218, at *10 (W.D.N.Y. Mar. 21, 2007) (noting that soreness, small abrasions on the nose, and swelling and pain behind the right ear and back of the head are not serious medical conditions).

Because Plaintiff fails to plead a serious medical condition, the Court finds it unnecessary to discuss the subjective prong. Thus, the Court recommends **dismissing** Plaintiff's medical deliberate indifference claim.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 41) be **GRANTED in its entirety** and that Defendant Lordi be terminated from this action; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: June 15, 2015
      Albany, New York

                                                                        _____
                                                                         Randolph F. Treece
                                                                         U.S. Magistrate Judge